

**The following constitutes
the order of the court. Signed October 25, 2012**

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                              Case No. 12-41041 MEH
MICHAEL L. BECKLEY and                                                Chapter 13
NANCY BECKLEY,
                    Debtors/

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

On June 26, 2012 the court held a continued hearing on debtors Michael L. Beckley and Nancy Beckley's ("Debtors") plan confirmation. At the hearing the court took the chapter 13 trustee's ("Trustee") objection to confirmation under advisement. For the reasons set forth below, the court finds that the Trustee's objection is overruled and Debtors' plan may be confirmed.

**Jurisdiction**

This court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), (L).

**Background**

Debtors filed a chapter 7 case on August 29, 2008; case no. 08-44752. The court entered the discharge order in that case on December 2, 2008.

1

Approximately three years and three months after Debtors received the discharge, they filed this chapter 13 case on February 3, 2012.

Debtors filed a motion to value junior lien of Franklin Credit Management Corporation ("Creditor") on their primary residence on March 12, 2012 and included in their plan that Franklin would be treated as a general unsecured creditor. The trustee objected to confirmation on March 14, 2012 on the basis that Debtors' plan cannot be confirmed because Debtors, not being entitled to a discharge pursuant to Bankruptcy Code § 1328(f),[1] cannot strip the lien without a discharge.

**Discussion**

The sole issue presented to the court by the Trustee's objection is whether Debtors are entitled to value the junior lien on their residence since they are not eligible to receive a discharge in this case.

For the reasons set forth in In re Tran, 431 B.R. 230 (Bankr. N.D. Cal. 2010) and further discussed in the Memorandum Decision issued October 15, 2012 in In re North, case no. 11-72843 (docket no. 32), the court overrules the Trustee's objection.

Good faith is always a consideration in confirmation of a chapter 13 plan and the court has an independent duty to review a chapter 13 plan to ensure it complies with the Bankruptcy Code. United Student Aid Funds v. Espinosa, 130 S. Ct. 1367 (2010). The court may not confirm a plan without finding that the plan has been "proposed in good faith and not by any means forbidden by law." § 1325(a)(3). The court is guided here by In re Warren, 89 B.R. 87, 93-95 (9th Cir. BAP 1988) (court should not confirm plans that are in essence veiled chapter 7 cases; listing good faith factors), and In re Goeb. 675 F.2d 1386, 1390 (9th Cir. 1982) (court must inquire whether debtor has misrepresented facts in plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed plan in an inequitable manner; though court may consider substantiality of proposed repayment, it must make good-faith determination in light of all militating factors).

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and all Rule references are to the Federal Rules of Bankruptcy Procedure.

2

In the case at hand there is no indication that Debtors are acting inequitably or unfairly.  Debtors filed the current chapter 13 case approximately three years and three months after having received a discharge in their prior chapter 7 case.   Their plan provides for step payments of $200 for 4 months, $500 for 8 months and $910 for 48 months and a *pro tanto* distribution to unsecured creditors.  Debtors are devoting their monthly disposable income to their plan payments.   Debtors are curing approximately $42,375 in mortgage arrears through the chapter 13 plan following the rejection of a loan modification by the lender.

On these facts, the court finds no basis to question Debtors' good faith or their need for reorganization under chapter 13.

**Conclusion**

Debtors' motion to value Creditor's junior lien is permissible.  The lien stripping will be permanent upon completion of the plan.  The Trustee's objection to confirmation is overruled.  However, the plan is not feasible until Debtors obtain an order on the motion to value Creditor's lien.

The court now requests Debtors to resubmit their default order on the motion to value Creditor's lien and requests the Trustee submit an order conforming to this memorandum decision following entry of an order on the motion to value Creditor's lien.

*** END OF MEMORANDUM DECISION***

3

COURT SERVICE LIST

All Recipients

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

4